UNITED STATES of America, Appellee,

v.

Earnest Clifford STEPHENS, Appellant.

No. 95–1484.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1995.

Decided Sept. 12, 1995.

Nancy Graven, Assistant Public Defender, Springfield, MO, argued for appellant.

Douglas Bunch, Assistant U.S. Attorney, Springfield, MO, argued for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

BOWMAN, Circuit Judge.

Earnest Stephens appeals the District Court's revocation of his supervised release, arguing that the court erred in basing its decision on his need for medical treatment. We affirm.

Stephens was charged with conspiracy to pass, with intent to defraud, counterfeit federal reserve notes in violation of 18 U.S.C. §§ 371 & 472 (1988) and with making counterfeit $100 federal reserve notes in violation of 18 U.S.C. § 474 (Supp. V 1993). Pursuant to a written plea agreement, he pled guilty to both charges and was sentenced to 37 months on each count, the sentences to run concurrently. He also was ordered to pay a mandatory assessment of $100 and received a three-year term of supervised release.

Having served his term of imprisonment, Stephens was placed on supervised release on September 22, 1994. He did not come to the probation office on six occasions (on December 24, 1994 and on January 5, 12, 13, 16, and 17, 1995)[1] to submit urine samples as required by the conditions of his supervised release, nor did he appear for two scheduled counseling sessions (January 5 and 12, 1995). The probation officer assigned to supervise Stephens visited the probationer's trailer, leaving a note on the outer door on January 5,[2] and also sent Stephens warning letters on January 4 and 6, 1995, instructing him to contact the probation officer as to why he had missed counseling sessions. This was not done, nor did Stephens report to the probation office on January 17, as he had been directed to do by a probation office letter of January 13.[3] A violation report was submitted, alleging that Stephens had violated four of the court-ordered conditions of his supervised release. Based on this, an order of arrest was issued and Stephens, who was H.I.V. positive and had developed AIDS, was taken into custody and transferred for treatment to the United States Medical Center for Federal Prisoners at Springfield, Missouri.

The government filed a motion for revocation of supervised release on February 8, 1995, alleging that Stephens had violated conditions of his release, in that he failed (a) to participate in a substance abuse program involving chemical testing, (b) to report to the probation officer as directed, and (c) to follow the probation officer's instructions. Additionally, the government charged that Stephens failed to pay $75 of his mandatory assessment. At his revocation hearing, Stephens admitted that he had failed to participate in the substance abuse program, but offered excuses for his conduct, including the difficulty in utilizing public transport, the necessity of catching rides with friends, and his AIDS, which caused him to tire easily. He further stated that he could not remember whether he had failed to report to the probation officer as directed, and he denied failure to follow the probation officer's in-

---

1. The January 5 and 12 failures to appear for urine tests were not considered by the District Court in its revocation of Stephens's supervised release.

2. Stephens claims that this was never received.

3. Stephens claims that he was at the Truman Medical Center for two to three weeks prior to his arrest on January 24, 1995. *See* Revocation Hearing Tr. at 18 (reprinted in Joint Appendix at 39). Cross-examination of Ronald Ferguson, Stephens's supervisory officer, elicited information to the contrary. *Id.* at 17 ("I called the records department at Truman Medical Center and they informed me he was admitted on January 20, '95.").

structions.[4] Finally, Stephens admitted to owing the balance due on his assessment.

In concluding the hearing, the District Court noted:

> I don't think there's any question but what during the month of January of 1995 the defendant failed to abide by the conditions of his supervised release. He failed to appear at least on four occasions for urine samples which was part of the substance abuse treatment program. And it appears rather obvious that he failed to abide by or follow the instructions of the probation officer. Technically there's no question but what he's in violation of the conditions of supervised release.
>
> Now, as to the extent of the violations, in view of the fact that the defendant is suffering from the AIDS disease, it almost appears to me that it would be in the defendant's interest that he be housed in a federal institution where he can get needed medical care.
>
> I'm very much opposed to a prison sentence merely because the defendant has been unable to pay a $50 assessment on each count. I'm opposed to imprisonment for being unable to pay a debt. And there's no indication that the failure to pay the special assessments in this case were deliberate, that is that the defendant had funds with which to pay them and just absolutely refused to pay them....
>
> [I]t appears to me that the best interest of the defendant would be to place the defendant in a federal facility where he can obtain medical treatment for a very serious medical need. And as I stated before, there's no question but what at least technically there's been a violation of the conditions of the supervised release.
>
> It's the judgment of the Court that the defendant's supervised release be revoked and the defendant is committed to the custody of the Bureau of Prisons for a period of ten months.
>
> And the $75 special assessment shall remain in effect but does not have any effect upon the revocation of his period of supervised release.

Revocation Hearing Tr. at 25–27 (reprinted in Joint Appendix at 45–47). The Court further noted that "it's in the best interest of the defendant ... to be housed in a federal facility where [he] can get needed medical attention. And that's basically one of the reasons why I've imposed an eleven-month [sic] sentence.[5] I think it's in your best interest to do that." *Id.* at 28. Stephens timely appeals, arguing only that the court erred in considering his need for medical treatment for AIDS as a factor in revoking his supervised release and imposing a sentence of imprisonment.[6]

We agree with the government that this case is controlled by 18 U.S.C.A. § 3583(g) (Supp.1995), which states in pertinent part that:

> If the defendant ... (3) refuses to comply with drug testing imposed as a condition of supervised release ... the court *shall* revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment charged under subsection (e)(3).

*Id.* (emphasis added). In his hearing, Stephens admitted "to not appearing at the probation office for the urine testing on those dates [December 24, 1994 and January 13, 16, and 17, 1995] and the counseling on the two dates [January 5 and 12, 1995]." Revocation Hearing Tr. at 4 (reprinted in Joint Appendix at 28). A special condition of Stephens's supervised release required him to "participate in a substance abuse program and substance abuse testing as deemed appropriate by the U.S. Probation Office." *United States v. Stephens,* No. 92–05002–01–

---

4. The judgment in *United States v. Stephens,* No. 92–05002–01–CR–SW–4 (W.D.Mo. Feb. 16, 1995), however, states that he admitted to violating this condition on January 4 and 5. Because we base our decision on other grounds, we need not further consider whether or not Stephens admitted or denied violating this condition.

5. The judgment entered by the District Court imposes a sentence of ten months.

6. Stephens raises no issue as to the length of the prison term the District Court imposed upon the revocation of his supervised release.

CR–SW–4, J. at 3 (W.D.Mo. Aug. 28, 1992). It is beyond cavil that if Stephens refused to comply with this condition, which obviously contemplates drug testing, revocation of his supervised release was mandatory under the terms of the statute.

Perusal of the transcript of the sentencing hearing shows that no mention is made of the statute, nor does the word "refusal" occur in any relevant portion of the summation, the judge merely noting Stephens's failure to abide by the conditions of release and his failure to appear for urinalysis. Revocation Hearing Tr. at 25–26 (reprinted in Joint Appendix at 45–46). Nevertheless, immediately prior to the court's summation, the government argued that

> it's the very heart of supervision that the person being supervised will in fact cooperate with the people supervising him and will in fact maintain contact and attend sessions that are scheduled for his supervision.
>
> When a person declines to do that, it's very difficult to fashion more restrictive or additional supervision measures that will solve that problem.
>
> For that reason the probation office believes that incarceration is appropriate because there's no way to effectively resolve Mr. Stephens' decision not to cooperate and maintain contact with the probation office. And his health makes his willingness to cooperate and to maintain contact even more important, and he simply has not demonstrated an ability to do that.
>
> [Counsel for Stephens]: Your Honor, I apologize for responding back like this, but if the Court would allow me I would just like to make a brief statement.
>
> And that is only that we have had essentially three weeks of non-compliance with reporting and with his supervision, Your Honor. He had been complying for three months, and I would suggest three weeks is not just overwhelming evidence by any means, by any standard that he is not amendable to supervision....

*Id.* at 24–25. Stephens admitted through his attorney that he failed to attend two counseling sessions, *id.* at 5, 11, 18, and it was similarly shown through the uncontradicted testimony of his probation officer that Stephens failed to submit the urine specimens required by the drug and alcohol program to which he was assigned, *id.* at 9–11, 18. Stephens did not offer a sufficient explanation to excuse any of these failures. We hold that under these facts, Stephens's failure to comply with the drug testing regime imposed by the conditions of his supervised release can only be seen as a knowing and willful failure, and therefore as a refusal to comply. He thus was subject to the mandatory revocation requirement of 18 U.S.C. § 3583(g)(3). Accordingly, it is immaterial that the District Court took Stephens's need for medical treatment into account when it ordered revocation of his supervised release. We need not and do not decide whether in a case in which revocation of supervised release is not mandatory it would be improper for a court to rely upon the defendant's need for medical treatment as a reason for revocation. Here, the court reached the correct result, even if it did so for the wrong reason.

The judgment of the District Court is affirmed.