# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3977

_____

United States of America,                         *
                                                  *
                    Appellee,                      *
                                                  *     Appeal from the United States
          v.                                      *     District Court for the
                                                  *     Eastern District of Arkansas.
Kenneth David Porter,                             *        [UNPUBLISHED]
                                                  *
                    Appellant.                     *

_____

Submitted:  June 4, 1999
Filed: June 14, 1999

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Kenneth David Porter was previously sentenced to a total of forty-eight months imprisonment and four years supervised release for aiding and abetting the distribution of 6.773 grams of cocaine base.  While serving his supervised release, he admitted to violating several supervised release conditions--including testing positive three times for marijuana use, failing to submit to urinalysis testing on four occasions, and failing to report to an outpatient drug aftercare program for more than thirty days, resulting in

his termination from that program. The district court[1] revoked Porter's supervised release and ordered him to serve ten months imprisonment and, upon his release from imprisonment, to complete the remainder of his original term of supervised release through the original supervised release termination date. Porter appeals, challenging the reimposition of supervised release and the district court's refusal to grant his request for lenience by continuing him on supervised release. We affirm.

Based on the drug offense that resulted in his original term of supervised release, Porter was subject to up to three years imprisonment upon revocation of supervised release. See 18 U.S.C. § 3583(e)(3); 21 U.S.C. § 841(b)(1)(B)(iii); 18 U.S.C. § 3559(a)(2). Because the ten-month prison sentence Porter received was less than the maximum authorized, the district court was entitled to impose additional supervised release so long as the imprisonment and additional supervised release did not exceed Porter's original term of supervised release. See 18 U.S.C. § 3583(h); United States v. St. John, 92 F.3d 761, 766 (8th Cir. 1996). The revocation sentence was proper because it did not exceed Porter's original four-year term of supervised release, and his argument on appeal thus fails.

We further reject Porter's contention that the district court erred by refusing to show lenience, because Porter's supervised release violations included failure to submit urine specimens on four occasions, as well as failure to attend his drug treatment program. See 18 U.S.C. § 3583(g)(3) (court shall revoke term of supervised release and impose term of imprisonment if defendant refuses to comply with drug testing imposed as condition of supervised release); United States v. Stephens, 65 F.3d 738, 741 (8th Cir. 1995).

Accordingly, we affirm.

---

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.