In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2086

United States of America,

Plaintiff-Appellee,

v.

Michael Harvey,

Defendant-Appellant.

Appeal from the United States District Court
for the Central District of Illinois.
No. 97 C 30031--Richard Mills, Judge.

Argued September 28, 2000--Decided November
14, 2000

   Before Flaum, Chief Judge, and Bauer and
Harlington Wood, Jr., Circuit Judges.

   Bauer, Circuit Judge.  After Michael
Harvey violated his supervised release,
the district court resentenced him to the
maximum prison term permitted by the
United States Sentencing Guidelines: a
consecutive 24 month sentence. Harvey
appeals this sentence as a "plainly
unreasonable exercise of judicial
discretion." We affirm the sentence.

I.  Background

   In 1998, Michael Harvey earned five
months in prison and three years of
supervised release for committing mail
fraud and making false statements. After
Harvey's release from prison, he utterly
failed to abide by the conditions of his
supervised release. Harvey admitted the
following nine violations of his
supervised release:

(1) On March 26, 1999, Harvey was charged
with criminal trespass to his then-
girlfriend's property. He pled guilty to
the offense and received a sentence of
six months supervision and a fine, which
was later converted to 10 days in jail.

(2) Harvey shoplifted items from a Sears store on May 2, 1999. Upon his arrest, Harvey had a blood alcohol level of .29 and admitted to drinking a quart of whiskey and smoking crack cocaine. The court convicted Harvey of retail theft and sentenced him to six months court supervision and a fine, which was later converted to 10 days in jail.

(3) On August 7, Harvey committed felony retail theft when he stole from a Dollar General. He was sentenced to one year in prison and one year of supervised release.

(4) Harvey stole thirteen shirts from a J.C. Penney's store on June 29, 1999. The court convicted Harvey of retail theft over $300 and sentenced him to two years in prison and one year of supervised release.

(5) Harvey failed to submit supervised release reports for the months of April, June, July and August 1999.

(6) Harvey failed timely to report that he was arrested and charged with a June 25, 1999 felony.

(7) Harvey failed to submit a urine specimen pursuant to a June 14, 1999 random test ordered by his supervised release officer.

(8) Harvey consumed alcohol on May 10, 1999.

(9) Police responding to an August 1, 1999 call about a suspicious person found Harvey highly intoxicated.

   Based on these violations, the state petitioned to revoke Harvey's supervised release. The district judge accepted Harvey's admissions and granted the state's petition. Harvey's attorney recommended that the judge resentence Harvey to 4 to 10 months in prison, as suggested by U.S.S.G. sec. 7B1.4. The state recommended the maximum sentence allowed by 18 U.S.C. sec. 3583(e)(3)--24 months imprisonment. The government based its recommendation on Harvey's appalling criminal record, which included 54 prior convictions and 37 prior arrests. The judge adopted the state's recommendation and imposed a 24 month sentence

consecutive to the time Harvey was already serving. The defense did not object. Harvey now argues that the 24 month consecutive sentence was a plainly unreasonable exercise of judicial discretion.

II.  Discussion

As a preliminary matter, Harvey argues that we have jurisdiction to review his sentence because his counsel objected to the sentence and because the sentence constitutes plain error. We note that Harvey failed to object to the sentence at the lower court hearing. Harvey halfheartedly argues that his recommendation for a sentence between 4 and 10 months constitutes an objection. We disagree. By neglecting to object, Harvey failed to preserve the appropriateness of his sentence for review. We therefore review this sentence solely for plain error. See United States v. McGee, 60 F.3d 1266, 1268 (7th Cir. 1995).

Because there are no mandatory guidelines for supervisory release revocation we may reverse the district court only if the sentence is plainly unreasonable. See id. at 1272. To determine whether the sentence was plainly unreasonable, we must assess whether the district judge complied with the standards set out in 18 U.S.C. sec. 3583. See United States v. Doss, 79 F.3d 76, 79 (7th Cir. 1996). The district court's interpretation of the Sentencing Guidelines is an issue of law; therefore our review is de novo. United States v. McClanahan, 136 F.3d 1146, 1149 (7th Cir. 1998).

Harvey first argues that the district court failed to consider most of the elements enumerated in 18 U.S.C. sec. 3583(e), the provision that governs revocation of supervised release. 18 U.S.C. sec. 3583(e) directs the sentencing judge to consider the nature and circumstances of the offense; the defendant's history; the need of the sentence to deter future crime, protect the public, and provide the criminal with necessary services like education and medical treatment; Sentencing Commission recommendations regarding sentence and policy, and sentence consistency for like violations. However, there is no

requirement that the court make findings as to all the relevant factors. See United States v. Hale, 107 F.3d 526, 530 (7th Cir. 1997).

Harvey argues that the only sec. 3583(e) factor the court considered was his past record. The trial record contradicts Harvey. The sentencing judge addressed the need to deter Harvey from committing future crimes and to protect the public:

That doesn't mean that in my mind's eye you won't be before some other judge. If the past is prologue, here it comes. And if that happens, you'll be in another jumpsuit in somebody else's court. . . .You've got to make up your mind sometime that you're going to have to comply with the rules of society or else we're going to keep doing the same thing and that's warehousing you and sending you back.

(Sent. Tr. 4). The court specifically considered the sentence recommendation communicated by the Sentencing Commission:

The Court accepts Mr. Harvey's admission of having violated supervised release in detail as set forth in the petition. And that means the Court finds that we have here a Grade B violation. The criminal history category is I. And the policy statement provisions call for four to ten months by way of suggestion. The statutory provision is a maximum of two years on each of the counts.

(Sent. Tr. 14). Further, the sentencing judge considered the seriousness of Harvey's supervised release violations:

I must tell you, Mr. Harvey, that it's a rara avis to see a petition to revoke allege so many very serious violations. Here we have four violations of the criminal law . . . . And then we have a failure to report . . . an arrest, and then there's the substance abuse treatment and so forth. And you know that alcohol is prohibited. . . .And not only that, you failed to submit drops at the Triangle. And we know what that is indicative of. So it's rare that I get one like this. Usually it's two, maybe three violations or something. But here we've had it in ace of spades and trumps.

(Sent. Tr. 12). In light of these

findings and the rule that the district court need not make findings on all the sec. 3583(e) factors, we find that the district court complied with the standards set by 18 U.S.C. sec. 3583, and that its decision was not plainly unreasonable.

Second, Harvey contends that the district court improperly considered his past record, thereby resentencing Harvey too harshly. Specifically, he complains that although his offenses were class B violations, the district court, after considering Harvey's record, sentenced him to the statutory maximum. Section 7B of the Sentencing Guidelines addresses resentencing for violations of supervised release. This Circuit recognizes that U.S.S.G. sec. 7B is a policy statement, not a mandatory guideline, see McClanahan, 136 F.3d at 1149, and as such is not binding on the sentencing judge, see Hale, 107 F.3d at 528; United States v. Hill, 48 F.3d 228, 230-32 (7th Cir. 1995). Therefore, the district judge's decision not to follow them to the letter was not plainly unreasonable.

Last, Harvey contends that the consecutive nature of his new sentence is plainly unreasonable. Harvey points out that at the time he was resentenced, he was serving sentences for the same state law violations that were the basis for the revoking of supervised release. Section 7B1.3(f) of the Sentencing Guidelines, however, recommends that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." U.S.S.G. sec. 7B1.3(f). The district judge clearly followed the Sentencing Guidelines' policy recommendation when he sentenced Harvey to a two year consecutive sentence. Therefore, the consecutive nature of Harvey's sentence is not plainly unreasonable.

III.  Conclusion

We find that the 24 month sentence imposed on Harvey did not constitute plain error. Therefore, we AFFIRM.