UNITED STATES of America, Plaintiff–Appellee,

v.

Spencer H. HARRIS, Defendant–Appellant.

No. 00–2484.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 5, 2001.

Decided Feb. 7, 2001.

Before COFFEY, RIPPLE, EVANS, Circuit Judges.

ORDER

In 1993 Spencer Harris was convicted of possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 96 months' imprisonment and three years' supervised release. During the supervised release portion of Mr. Harris's sentence, his probation officer initiated revocation proceedings in the district court. At the revocation hearing, Mr. Harris admitted the violations of his super-

vised release—including numerous traffic offenses, possession of marijuana, and failure to appear for scheduled urine tests. The district court revoked his supervised release and sentenced him to 24 months' imprisonment, and Mr. Harris seeks to appeal. His counsel, however, has filed a motion to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes there are no nonfrivolous issues he could raise on behalf of Mr. Harris. Pursuant to Circuit Rule 51(b), Mr. Harris was given an opportunity to respond, but he has not done so.[1] Counsel's *Anders* brief is facially adequate; therefore, we limit our review of the record to those potential issues counsel identifies in his brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir.1996).

The only potential argument counsel identifies is whether the district court properly sentenced Mr. Harris. Mr. Harris's original offense was a Class C felony; as such, the maximum prison term he could have received upon revocation of his supervised release was two years. 18 U.S.C. § 3583(e)(3). In determining the appropriate sentence within that statutory maximum, the district court was required to evaluate several factors enumerated in 18 U.S.C. § 3553(a). *Id.;* 18 U.S.C. § 3553(a). *See also United States v. Har-*

*vey*, 232 F.3d 585, 588 (7th Cir.2000) (listing the factors but noting that "there is no requirement that the court make findings as to all the relevant factors").

We will uphold a sentence imposed upon revocation of supervised release unless it is plainly unreasonable. *Harvey*, 232 F.3d at 587. The sentencing judge in this case considered relevant factors in deciding to sentence Mr. Harris to 24 months. The judge carefully considered the original Presentence Investigation Report, including its account of Mr. Harris's extensive criminal history. *See* 18 U.S.C. § 3553(a)(1). The judge noted that the policy statement in the sentencing guidelines recommends 7 to 13 months' imprisonment but concluded that the number and gravity of Mr. Harris's supervised release violations justified a two-year sentence. *See id.* at §§ 3553(a)(2), (5)-(6). Counsel reasons, and we agree, that although the sentencing guidelines recommend 7 to 13 months, U.S.S.G. § 7B1.4, it would be frivolous for Mr. Harris to argue that the district court erred in exceeding that range because the relevant guidelines policy statement was merely advisory and was not binding on the district court. *See United States v. McClanahan*, 136 F.3d 1146, 1149 (7th Cir.1998).

Because the district court properly considered the factors outlined in § 3553(a), it would be frivolous for Mr. Harris to argue

---

1. Originally, Mr. Harris was represented on appeal by attorney John G. Noll. Mr. Noll filed a motion to withdraw citing an "irretrievable breakdown of the attorney-client relationship." Two weeks later, Mr. Noll filed an *Anders* motion and supporting brief. Mr. Harris then filed a letter with the court stating that he had no objections to releasing Mr. Noll and a response to the *Anders* motion suggesting some possible nonfrivolous issues for appeal. This court entered an order allowing Mr. Noll to withdraw based on the asserted breakdown in the attorney-client relationship, and appointed current counsel to represent Mr. Harris on appeal. At that point, the *Anders* brief that Mr. Noll filed became moot, as did Mr. Harris's response to that particular brief. Two months later after conducting an independent review of the case, current counsel filed his own motion to withdraw pursuant to *Anders*, which is before us now. Mr. Harris was then sent a new 51(b) notice inviting his comments about this second *Anders* brief, but this time he did not respond. As indicated, only the *Anders* brief filed by current counsel is before this panel for consideration.

that his sentence is plainly unreasonable. Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.