UNITED STATES of America,
Plaintiff–Appellee,

v.

Ella Rose FELTON, Defendant–
Appellant.

No. 95–CR–140.

United States Court of Appeals,
Seventh Circuit.

Submitted March 22, 2001.

Decided March 22, 2001.

Before BAUER, WOOD, Jr., and POSNER, Circuit Judges.

ORDER

After Ella Rose Felton pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344(2), the district court sentenced her to one month's imprisonment and five years' supervised release. After completing the imprisonment component of her sentence, Felton began serving her term of supervised release. In April 2000, however, Felton's probation officer initiated revocation proceedings in the district court because Felton was not complying with the terms of her supervised release. After Felton stipulated at the revocation hearing to committing several violations,

the district court revoked her supervised release and sentenced her to 12 months' incarceration. Felton filed a timely notice of appeal, but her appointed counsel has moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes there are no nonfrivolous issues for appeal. Pursuant to Circuit Rule 51(b), Felton was notified of the opportunity to respond to her counsel's motion to withdraw, but she failed to do so. Because counsel's *Anders* brief is adequate on its face, we limit our review of the record to those potential issues identified in counsel's brief. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). Upon review of the record and the potential ground for appeal discussed in the *Anders* brief, we conclude that an appeal would be frivolous and therefore grant counsel's motion to withdraw and dismiss Felton's appeal.

The only potential argument for appeal that counsel discusses is whether the district court properly sentenced Felton to an imprisonment term exceeding the sentencing guidelines' recommended range. But as long as the district court *considered* the appropriate imprisonment range suggested by the sentencing guidelines, we will uphold a sentence upon revocation of supervised release unless it is plainly unreasonable. *United States v. Harvey,* 232 F.3d 585, 588 (7th Cir.2000). Felton's original bank fraud offense was a Class B felony; as such, the maximum prison term she could have received upon revocation of supervised release was three years. *See* 18 U.S.C. § 3583(e)(3). In determining the appropriate sentence within that statutory maximum, the district court must evaluate several factors enumerated in 18 U.S.C. § 3553(a). Here, the district court considered relevant factors under § 3553(a) in sentencing Felton to 12 months' incarceration, specifically noting her egregious noncompliance with the terms of her release as well as the need for confinement to deter future misconduct. The court acknowledged that the policy statement in the sentencing guidelines recommends an imprisonment term of 3 to 9 months, but agreed with the probation officer's conclusion that Felton's repeated violations of her supervised release justified a more severe sentence. Counsel correctly argues that, despite the guidelines' recommended 3–to–9 month sentencing range, *see* United States Sentencing Guidelines § 7B1.3(d), it would be frivolous for Felton to argue that the district court erred in imposing a sentence exceeding that range because the guidelines are merely advisory and not binding on the district court. *See United States v. McClanahan,* 136 F.3d 1146, 1149 (7th Cir. 1998). Because the district court properly considered the factors outlined in § 3553(a) and imposed a sentence within the statutory range, it would be frivolous for Felton to argue that the sentence imposed by the court was plainly unreasonable.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Felton's appeal.