UNITED STATES of America,
Plaintiff–Appellee,

v.

Anthony P. OLIVER, Defendant–
Appellant.

No. 00–4122.

United States Court of Appeals,
Seventh Circuit.

Submitted April 30, 2001.

Decided May 8, 2001.

Rehearing Denied June 14, 2001.

Before Hon. KANNE, Hon. ILANA
DIAMOND ROVNER, Hon. WILLIAMS,
Circuit Judges.

## ORDER

After Anthony Oliver admitted to violating the terms of his supervised release, the district court ordered it revoked and resentenced him to thirty months' imprisonment and thirty months' supervised release. Oliver appealed, but his counsel moves to withdraw because in her opinion the appeal is frivolous, *see Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Oliver has responded to his attorney's motion. Having reviewed counsel's *Anders* brief and Oliver's response, we grant counsel's motion to withdraw and dismiss the appeal.

In November 1995 Oliver pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, 841(a)(1). Oliver had already served 32½ months in state custody on a conviction arising from the same conduct, so the district court reduced the otherwise-applicable statutory minimum by that amount and imposed a term of imprisonment of 87½ months. *See* U.S.S.G. § 5G1.3(b) & comment. (n.2). The court also imposed a five-year term of supervised release and a $2,000 fine. In September 1996 the district court granted the government's motion to reduce Oliver's sentence by another 30 months under Federal Rule of Criminal Procedure 35 for his substantial assistance in an unrelated murder case.

Oliver began his supervised release on June 5, 1999. On April 6, 2000 the government filed a revocation petition alleging that Oliver violated the terms of his release when he twice tested positive for cocaine, admittedly used marijuana, and missed four urinalysis tests. At a May 2000 hearing Oliver admitted to the violations but noted that he had sought treatment for drug addiction. The parties suggested that the court continue the hearing for six months to give Oliver a second chance. The court agreed, but warned Oliver that

his supervised release would be revoked if he violated its terms again. Furthermore, the court admonished Oliver that it would depart upward from the prison sentence recommended under U.S.S.G. § 7B1.4 and instead "take back" the Rule 35 sentence reduction and sentence Oliver to 30 months' imprisonment.

In November 2000 the government filed an amended revocation petition adding six new violations: (1) testing positive for cocaine use in September 2000, (2) using alcohol excessively, (3) failing to make fine payments, (4) committing a state disorderly conduct offense, (5) failing to report the disorderly conduct arrest to his probation officer, and (6) missing another urinalysis test and then being terminated from the drug testing program after a pattern of disrespect to the program staff. Oliver admitted the allegations in the amended petition.

The district court revoked Oliver's supervised release under 18 U.S.C. § 3583(e)(3) and, as promised, sentenced him to 30 months' imprisonment. Noting that this term was half the maximum permissible under § 3583(e), the court imposed an additional 30 months' supervised release under § 3583(h). In support of the sentence, the court found that Oliver was a threat to himself and society because of his drug and alcohol abuse. The court reasoned that a long prison sentence, coupled with an intensive drug rehabilitation program, would afford Oliver a chance to cure his addiction. Finally, the court pointed out that tying the prison term to the Rule 35 reduction would deter others from breaking the law after receiving a sentencing benefit.

The first potential argument counsel identifies is that the district court abused its discretion in revoking Oliver's supervised release. Oliver adds in his response that the district court indeed abused its

discretion because it incorrectly categorized his violations as Grade B violations, for which revocation is mandatory, rather than as Grade C violations, for which revocation is discretionary. *See* U.S.S.G. § 7B1.3; *United States v. Wright,* 92 F.3d 502, 504 (7th Cir.1996). Section 7B1.1 defines Grade B violations to include most federal, state, or local offenses punishable by more than one year in prison; Grade C violations encompass misdemeanor criminal conduct and transgressions of supervision conditions that do not amount to independent crimes. *See* § 7B1.1(a)(2),(3). Oliver notes that testing positive for drug use is a Grade C violation, *see Wright,* 92 F.3d at 506, and asserts that the rest of his violations were also Grade C.

■ Oliver failed to raise this objection at sentencing and therefore we would review it solely for plain error. *See United States v. Harvey,* 232 F.3d 585, 587 (7th Cir.2000). Given this standard of review, we agree with counsel that the argument would be frivolous. First, in *United States v. Young,* 41 F.3d 1184, 1186 (7th Cir. 1994), we held that positive drug tests and admissions of drug use warrant a finding that the defendant possessed drugs and, therefore, mandate revocation under 18 U.S.C. § 3583(g)(1). Second, 18 U.S.C. § 3583(g)(3) provides that revocation is mandatory where a defendant has refused to comply with drug testing imposed as part of his supervised release. Oliver's failure to submit to urinalysis on five occasions and his behavior leading to his termination from the drug testing program clearly constitutes a refusal to comply with drug testing. *See, e.g., United States v. Stephens,* 65 F.3d 738, 740–41 (8th Cir. 1995). Accordingly, a challenge to the revocation would be frivolous.

■ Counsel next questions whether Oliver could contest the district court's decision to impose a prison term in excess of that recommended under U.S.S.G.

§ 7B1.4. We agree with counsel that it would be frivolous for Oliver to argue that the district court's decision to depart upward was "plainly unreasonable." *See Harvey,* 232 F.3d at 588; *United States v. Hale,* 107 F.3d 526, 529 (7th Cir.1997). The record demonstrates that the district court considered various factors listed in 18 U.S.C. § 3553, including the nature of Oliver's conviction, the need to protect society from Oliver's behavior, and the need to deter future criminal conduct; that is all that the district court was required to do. *See Harvey,* 232 F.3d at 588 (sentencing judge should consider factors set forth in § 3553 but need not make findings as to all relevant factors); *Hale,* 107 F.3d at 530 (sentencing judge need only make comments reflecting that the appropriate factors were considered).

■ The next potential argument identified by counsel, and echoed by Oliver, is that the district court improperly linked Oliver's revocation sentence to the previously awarded Rule 35 reduction. As the argument would go, the district court effectively "reconsidered" the government's Rule 35 motion, which, because of the passage of time, it had no jurisdiction to do. *See United States v. McDowell,* 117 F.3d 974, 979 (7th Cir.1997) (district court lacks jurisdiction to consider a Rule 35 motion filed more than one year after imposition of sentence). This argument would be frivolous because the district court was not considering whether or not to grant a Rule 35 motion. Instead the court merely factored in its previous leniency in determining what new sentence Oliver should receive. Such approach is expressly endorsed in U.S.S.G. § 7B1.4, comment. (n.4) ("Where the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), or a charge reduction that resulted in a sentence below the guideline range applicable

to the defendant's underlying conduct, an upward departure may be warranted."); *cf. United States v. Forrester*, 19 F.3d 482, 484 n. 1, 485 (9th Cir.1994) (where defendant received original sentence of probation due to downward departure from guidelines range of 33 to 41 months, district court did not err in sentencing him to 33 months for violations of probation even though guideline recommended sentence of 3 to 9 months).[1]

■ Counsel also suggests that Oliver might consider challenging the imposition of 30 months' additional supervised release after revocation as a violation of the Ex Post Facto Clause of the Constitution. This argument would be frivolous because the statutory provision authorizing the reimposition of supervised release, 18 U.S.C. 3583(h), was in effect at the time Oliver pleaded guilty. Furthermore, the Supreme Court has rejected any contention that reimposition of supervised release violates the Ex Post Facto Clause. *See Johnson v. United States*, 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000).

■ Finally, counsel evaluated whether Oliver could assert in this appeal that she was constitutionally ineffective, and in fact Oliver devotes much of his response to precisely this allegation. Ineffective assistance of counsel claims, however, are more appropriately raised in a 28 U.S.C. § 2255 motion, especially where, as here, Oliver's appellate counsel also represented him at his revocation hearing. *See United States v. Harris*, 230 F.3d 1054, 1059 (7th Cir.

2000); *United States v. Martinez*, 169 F.3d 1049, 1052 (7th Cir.1999).

Accordingly, IT IS ORDERED that counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.

---

1. Oliver also asserts in support of his potential challenge to the length of his sentence that the district court incorrectly referenced the § 7B1.4 prison range for Grade B violations, rather than the lower range for Grade C violations. Grade B violations yield six to 12 months; Grade C, four to 10 months. *See* U.S.S.G. § 7B1.4(a). The sentencing ranges in § 7B1.4, however, are not binding on the district court, *see Harvey*, 232 F.3d at 588; *United States v. McClanahan*, 136 F.3d 1146,

1149–50 (7th Cir.1998), and given the district court's expressed intent to sentence Oliver to 30 month's imprisonment, the minor difference between the two ranges could not establish plain error on appeal.

