**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George E. BACHLI, Jr., Defendant–**
**Appellant.**

No. 00–3605.

United States Court of Appeals,
Seventh Circuit.

Argued April 25, 2001.

Decided June 11, 2001.

Before COFFEY, MANION, and ROVNER, Circuit Judges.

### ORDER

George Bachli appeals the sentence he received of 24 months in prison after the revocation of his three-year term of supervised release for violating the conditions of that supervised release. We affirm.

In 1994 Bachli pleaded guilty to unlawfully possessing a machine gun in violation of 18 U.S.C. § 922(o)(1). He was sentenced to 57 months in prison, three years of supervised release, restitution in the amount of $5,626.06, and a $50.00 special assessment. Bachli's three-year supervised release term began on July 13, 1998. During his term, Bachli was arrested for driving under the influence of alcohol. As a result, the conditions of his supervised release were modified to require him to abstain from the use of alcohol. This special condition was imposed on June 21, 1999.

On May 27, 2000, Justin Davis, the assistant manager of Pentwell County Park in Adams County, Wisconsin, received a report that a woman had been attacked with a knife in the park's bathroom. Davis interviewed the victim and procured a description of the attacker. Meanwhile, four men attacked Bachli, who was staying at the park with his mother, because they believed he was the assailant. When the four men began to beat up Bachli, Davis broke up the fight and escorted Bachli to the park's office because the description given of the bathroom attacker resembled Bachli.

Later on in the early morning of May 28, Officer Brent York of the Adams County Sheriff's Office arrested Bachli in the park ranger's office for the bathroom attack. Officer York smelled alcohol on Bachli's breath and noticed that Bachli seemed intoxicated, and Bachli refused to submit to a portable alcohol breath test.

Officer York also claims that Davis told him that Bachli was "smoked and piss drunk," although Davis denies having said that. Additionally, Davis denies that he smelled alcohol on Bachli's breath while at the park office. After arresting him, Officer York took Bachli to the county jail, where Bachli refused to cooperate and give any information and once again refused to submit to an alcohol breath test. According to Officer York, Bachli was too intoxicated to understand the *Miranda* warnings given to him while admitting that he had been drinking. Bachli was charged pursuant to WIS. STATS. §§ 939.62 and 941.30 (2001), as a repeat offender, with committing reckless endangerment of another's safety by use of a knife. Bachli's status as a repeat offender was based on his June 7, 1999 conviction for Operating a Motor Vehicle While Intoxicated in violation of WIS. STAT. § 346.63, his July 4, 1994 conviction for unlawfully possessing a machine gun in violation of 18 U.S.C. § 922(o)(1), and his October 10, 1992 conviction in Wisconsin state court for criminal damage to property and being party to a crime.

Bachli's probation officer submitted a violation report to the district court, informing the court that Bachli had been arrested on May 28, 2000 and that Bachli had not advised the probation officer of his arrest within seventy-two hours, as mandated under the conditions of his supervised release. The probation officer submitted a second report to the court regarding the May 28 arrest, explaining that Bachli had appeared to be intoxicated at the time of the arrest and thus was in violation of one of the conditions of his special release that he abstain from alcohol.

On September 22, 2000, the district court held a revocation hearing. At the hearing, Bachli stipulated that he had vio-

lated the standard condition requiring him to report any arrest to his probation officer within seventy-two hours. Bachli, however, contested that he had violated the special condition of his supervised release not to partake of alcohol. The government presented testimony from Officer York and from Bachli's girlfriend supporting the argument that Bachli was intoxicated at the time of his arrest at the park. Bachli, on the other hand, offered testimony from his mother, his sister's fiancee, and from Davis in support of his contention that he was not drunk that night.

The district court, upon hearing the above testimony, credited Officer York and Bachli's girlfriend and concluded that Bachli had consumed alcohol the night of his arrest for assault, and thus was in violation of the non-alcoholic consumption condition of his supervised release. The court also found that Bachli had stipulated to violating the standard condition of his supervised release that he report to his probation officer within 72 hours of an arrest. The district court proceeded to sentence Bachli, noting that the two violations of his supervised release were Grade C violations pursuant to U.S.S.G. § 7B1.1(a)(3)(B), which, given Bachli's criminal history category of II, results in a sentencing range under U.S.S.G. § 7B1.4(a) of 4–10 months in prison. Nevertheless, the court sentenced Bachli to the statutory maximum under 18 U.S.C. § 3583(e)(3) of 24 months in prison. In imposing the statutory maximum, the court explained that "the guidelines concerning revocation of supervision are advisory and the court need not follow them." The district court believed that imposing the statutory maximum was necessary in Bachli's case because Bachli failed to demonstrate that he was "amenable" to supervision and a prison term would "protect the community and promote personal and general deterrence." Bachli appeals the length of his sentence.

■ Because the guidelines for a violation of supervisory release are not mandatory and thus are left to the discretion of the court, this court will uphold a sentence imposed upon revocation of supervised release unless it is plainly unreasonable. *United States v. Harvey,* 232 F.3d 585, 587 (7th Cir.2000). The plainly unreasonable standard of review "entails a deferential posture concerning issues of fact and the exercise of discretion." *United States v. Marvin,* 135 F.3d 1129, 1136 (7th Cir. 1998). Bachli alleges that his sentence is plainly unreasonable and argues that it violates congressional intent to use supervised release as a tool to reintegrate former inmates into society after imprisonment. He also contends that his violations of supervised release were merely "technical" and thus he should not have been sentenced for the maximum time in prison allowed by law.

■ During sentencing, although a district court must consider the applicable sentencing range advisory under § 7B1.4(a), the court is not required to follow it. *United States v. Doss,* 79 F.3d 76, 78 (7th Cir.1996). So long as the district court considers the relevant range suggested in § 7B1.4(a), the court is "free to impose a sentence outside the designated range, subject to the maximum sentence allowable under 18 U.S.C. § 3583(e)(3)." *United States v. McClanahan,* 136 F.3d 1146, 1150 (7th Cir.1998) (citation and internal quotations omitted). When determining the appropriate sentence within the statutory maximum penalty for revocations of supervised release, the district court must evaluate several factors enumerated in 18 U.S.C. § 3553(a). These factors include:

the nature and circumstances of the offense; the characteristics and the history of the defendant himself; the need for the sentence to reflect the serious-

ness of the offense and to promote respect for the law; the need to provide adequate deterrence and to protect the public from possible future criminal conduct by the defendant; and the kinds of sentences and the sentence range available based on the defendant's conduct. *McClanahan*, 136 F.3d at 1151 (citing § 3553(a)). Nonetheless, a sentencing court is not required to make findings as to all of the relevant factors. *Harvey*, 232 F.3d at 588. Instead, "it is sufficient if the sentencing court made comments reflecting that the appropriate factors were considered," *McClanahan*, 136 F.3d at 1151 (citation and internal quotations omitted).

■ Here, the district court's comments during the hearing demonstrate that the court considered the appropriate factors in sentencing Bachli to the statutory maximum, including whether Bachli was responsible enough to continue the supervised release reintegration process. The court first acknowledged the correct Guidelines range under § 7B1.4(a) and noted that the range was advisory in nature. Next, the court discussed the § 3553(a) factors and found that Bachli had failed to demonstrate he was amenable to supervision. Specifically the court noted that it had considered "suggestions" from Bachli, his family as well as the probation officer on his behalf regarding his ability to continue working in society. But the court believed that Bachli's interest in working and training was outweighed by "the severity of the offense." Moreover, the court explained that Bachli "has attempted to thwart the Court's decisions since the first time that he appeared before it for sentencing" by failing to mention his arrest at the park to his probation officer at the time he consulted with him over the phone; by submitting his monthly report to the probation office but omitting the date of his arrest; and by continuing to drink alcohol despite the special condition of his supervised release barring the consumption of alcoholic beverages. The court concluded that imposing the statutory maximum was necessary in order to "protect the community and promote personal and general deterrence." Because we are convinced that the trial court judge properly considered the factors outlined in § 3553(a), we do not agree that Bachli's sentence is plainly unreasonable. *See, e.g., Harvey*, 232 F.3d at 588 (because district court made findings regarding some § 3553(a) factors, including need to deter defendant and protect public, the Sentencing Guidelines policy range, and seriousness of supervised release violations, sentence imposed was not plainly unreasonable).

We AFFIRM Bachli's sentence of 24 months of confinement.