**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Victor Raymond KLOSINSKI,**
**Defendant–Appellant.**

No. 00–4179.

United States Court of Appeals,
Seventh Circuit.

Argued April 25, 2001.

Decided June 22, 2001.

Before COFFEY, MANION, ROVNER, Circuit Judges.

## ORDER

Following revocation of his supervised release for multiple violations of the conditions of his release, appellant Victor Raymond Klosinski was sentenced to fifteen months' imprisonment, to run consecutively to his undischarged state term of imprisonment for battery. On appeal Klosinski contends only that the consecutive nature of his sentence was plainly unreasonable. We affirm.

Klosinski originally pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and the district court sentenced him to three years imprisonment to be followed by five years of supervised release. In June 1995, Klosinski began his term of supervised release. In March 2000, Klosinski's probation officer filed a revocation petition alleging that he had violated the conditions of his release. The alleged violations included failing to participate in periodic drug testing; failing to report for home/office visits; failing to answer truthfully to questions regarding his employment; failing to notify the probation officer of changes in his address and employment; twice failing to report being arrested or questioned by police; and violating the law repeatedly. Among Klosinski's new violations of the law was his February 2, 2000 Wisconsin battery charge. Klosinski pleaded no contest to battery in Wisconsin Circuit Court, and prior to the revocation hearing, on November 14, 2000, the state court sentenced him to eleven months' imprisonment.

At the revocation hearing, the district court found that Klosinski had committed the alleged violations, and sentenced him to fifteen months' imprisonment, to run consecutively to his state sentence. The district court followed U.S.S.G. § 7B1.3(f) ("Revocation of Probation or Supervised Release (Policy Statement)") in imposing a consecutive sentence,[1] and explained at length its reasons for concluding that the circumstances did not justify departing from § 7B1.3(f). The district court cited Klosinski's history of violence, and noted that he had failed to demonstrate any ability to abide by his conditions of release for any length of time, as evidenced by the large number of his violations. Finally, the court focused specifically on the state battery conviction, expressing concern for the safety of others in view of Klosinski's inability to control his temper.

 The commentary in Chapter 7 of the Sentencing Guidelines Manual, which addresses violations of probation and supervised release, is advisory and not mandatory. *United States v. Harvey*, 232 F.3d 585, 587 (7th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1389, 149 L.Ed.2d 313 (2001); *United States v. Hill*, 48 F.3d 228, 231 (7th Cir.1995). Because there are no mandatory guidelines for supervised release revocations, we may reverse only if the sentence is plainly unreasonable. *United States v. McClanahan*, 136 F.3d 1146, 1149 (7th Cir.1998). To determine whether the sentence is plainly unreasonable, we must assess whether the district court complied with 18 U.S.C. § 3583 in exercising its discretion in sentencing. *Harvey*, 232 F.3d at 587. The provision that governs revocation of supervised re-

---

1. Section 7B1.3(f) provides:

 Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

 U.S.S.G. § 7B1.3(f).

lease, § 3583(e), requires that the district court consider: (1) the nature and circumstances of the offense; (2) the defendant's history; (3) the need of the sentence to deter future crime, protect the public, and provide the criminal with necessary services like education and medical treatment; (4) Sentencing Commission recommendations regarding sentence and policy; and (5) sentence consistency for similar violations. 18 U.S.C. § 3583(e). At the core of the recommendation in § 7B1.3(f) is the principle that "every separate violation of law deserves a separate sanction, so that no violation shall go unsanctioned." *Hill,* 48 F.3d at 232.

■ Klosinski's argument on appeal—that a consecutive sentence was plainly unreasonable because his state sentence for battery sufficiently sanctioned his violations of his release conditions—is frivolous because the district court considered the factors set forth § 3583(e), and Klosinski does not contend otherwise. Klosinski's argument is frivolous for the additional reason that we recently rejected it under substantially similar facts. *See Harvey,* 232 F.3d at 588–89 (consecutive sentence not plainly unreasonable as it follows the recommendation in § 7B1.3(f); defendant had contended that his state sentence covered the conduct that was the basis for revocation). Klosinski makes no effort to distinguish *Harvey* or explain why it was plainly unreasonable for the district court to follow § 7B1.3(f) when this court has recognized repeatedly that the policy statement is entitled to "great weight." *See McClanahan,* 136 F.3d at 1149 (discussing Chapter 7 generally); *United States v. Doss,* 79 F.3d 76, 78 (7th Cir.1996) (discussing U.S.S.G. § 7B1.4).

AFFIRMED.