**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael J. WENDORF, Defendant–
Appellant.**

**No. 01–2143.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 13, 2001.

Decided Dec. 13, 2001.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

### ORDER

In 1995 Michael Wendorf pleaded guilty to one count of bank fraud, 18 U.S.C. § 1344, and was sentenced to 36 months' imprisonment and a five-year term of supervised release. Wendorf completed his prison term, but in April 2001 the district court revoked his supervised release after finding that Wendorf violated nine conditions of his release. The court sentenced him to 36 months' imprisonment, and Wendorf filed a timely notice of appeal. Wendorf's counsel has now moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern a nonfrivolous issue for appeal. Pursuant to Circuit Rule 51(b), Wendorf was given the opportunity to respond to counsel's motion, but he has not done so. Counsel's *Anders* brief is facially adequate; therefore, we limit our review of the record to those potential issues identified by counsel. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir.1996).

Counsel first questions whether Wendorf could argue that the district court lacked sufficient evidence to find that he committed all the charged violations of his supervised release conditions. At the revocation hearing Wendorf admitted to the violations, except for the allegations that he committed more fraud and also tendered false supervision reports. Based on evidence that Wendorf used falsified documents to induce an investment of more than $200,000 in his business, the district court concluded that Wendorf had committed fraud. In turn the court relied on Wendorf's admission that he obtained credit cards without his probation officer's prior approval, as well as Wendorf's failure to disclose that he was soliciting investor funds, to find that he had submitted false supervision reports to his probation officer. Facts justifying revocation of supervised release need only be proven by a preponderance of the evidence, and we agree with counsel that it would be frivolous for Wendorf to argue that the district court's findings of fact were clearly erroneous. *See United States v. Trotter*, 270 F.3d 1150, 1153–54 (7th Cir.2001).

674

Counsel also examines whether Wendorf could contest the district court's decision to impose a prison term exceeding the guideline range recommended under U.S.S.G. § 7B1.4. After revoking a term of supervised release, a court may impose a sentence of imprisonment outside the suggested range if it first considers the pertinent factors set forth in 18 U.S.C. § 3583(e), including the guideline range recommendation, 18 U.S.C. § 3553(a)(4). The resulting decision to adopt or reject the recommended range is discretionary, and we will uphold a sentence upon revocation of supervised release unless it is plainly unreasonable. *United States v. Harvey*, 232 F.3d 585, 587 (7th Cir.2000). Wendorf's original bank fraud offense was a Class B felony, 18 U.S.C. § 3559(a)(2), and therefore the maximum prison term he could have received upon revocation of supervised release was three years. *See* 18 U.S.C. § 3583(e)(3). Before the court sentenced Wendorf, it weighed the pertinent factors outlined in § 3583(e), including the applicable guidelines recommendation, which called for a sentence of 18 to 24 months' imprisonment, U.S.S.G. § 7B1.4(a). The district court nevertheless concluded that the recommended range was inadequate because of the seriousness of Wendorf's violations, which included conduct that paralleled the fraud charged in his underlying conviction and resulted in significant harm to the public. *See* 18 U.S.C. § 3553(a)(1), (2)(C). Since the district court properly considered factors outlined in § 3553(a) and imposed a sentence within the statutory maximum of 36 months, it would be frivolous for Wendorf to argue that the sentence imposed by the court was plainly unreasonable.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.