**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Clayton THAMES, Defendant–Appellant.**

No. 02–1200.

United States Court of Appeals, Seventh Circuit.

Submitted June 26, 2002.

Decided June 26, 2002.

Before BAUER, RIPPLE, MANION, Circuit Judges.

## ORDER

After Clayton Thames violated conditions of his supervised release, the district court revoked his release and sentenced him to 24 months' incarceration. Mr. Thames appeals, and his counsel moves to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to discern any nonfrivolous issue for appeal. Counsel's brief is facially adequate and Mr. Thames has not responded, although he was given opportunity to do so. *See* Cir. R. 51(b). We accordingly confine our review to the potential issue identified in counsel's brief and the related portions of the record. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). For the reasons set forth below, we grant counsel's motion to withdraw and dismiss this appeal.

In 1994 Mr. Thames pleaded guilty to bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a). He was sentenced to 60 months' imprisonment to be followed by three years of supervised release, and ordered to pay restitution of approximately $16,000 to the bank he robbed. In December 1998 Mr. Thames was released from prison, and his term of supervised release commenced. In November 2001 Mr. Thames's probation officer filed a petition for revocation of his supervised release, asserting that he had violated the conditions of his release by testing positive for cocaine on numerous occasions, repeatedly failing to report for counseling or drug testing, failing to make monthly restitution payments, failing to obey the rules of a community correctional center that he had been ordered to attend, repeatedly failing to report to his probation officer, failing to notify his probation officer when he changed his residence and left his job, and failing to notify his probation officer of an arrest and contact with police. After a revocation hearing in January 2002 at which Mr. Thames admitted all but one of the violations with which he was charged, the district court revoked his supervised release and sentenced him to 24 months' incarceration.

Mr. Thames's counsel identifies only one issue that could be raised on appeal: whether the district court erred by sen-

tencing Mr. Thames to a term of imprisonment greater than that specified in United States Sentencing Guideline § 7B1.4. Section 7B1.4, which establishes sentencing ranges for violations of supervised release, recommends that Mr. Thames—who had a criminal history of III and had engaged in Grade C violations of his supervised release—be sentenced to 5–11 months' imprisonment. The district court sentenced Mr. Thames to the statutory maximum of 24 months, well above the recommended range. *See* 18 U.S.C. § 3583(e)(3). But as counsel correctly observes, § 7B1.4 is not a mandatory guideline; it is a policy statement that merely provides guidance to the sentencing court, and its recommendations are not binding on the district court. *United States v. Harvey*, 232 F.3d 585, 588 (7th Cir.2000); *United States v. McClanahan*, 136 F.3d 1146, 1149–50 (7th Cir.1998); *see* U.S.S.G. Ch. 7, Pt. A(1). We therefore could reverse Mr. Thames's sentence only if it was plainly unreasonable. *Harvey*, 232 F.3d at 587 (citing *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir.1995)).

We would determine the reasonableness of the sentence by examining whether the district court exercised its discretion in accordance with 18 U.S.C. § 3583, the statute governing the imposition, modification, and revocation of terms of supervised release. *Id.* Under § 3583(e), the court may modify or revoke a defendant's term of supervised release according to the following factors, which are set forth in 18 U.S.C. § 3553:(1) the nature and circumstances of the offense; (2) the defendant's history; (3) the need for the sentence to deter future criminal conduct, protect the public, and provide the criminal with necessary services such as education or medical care; (4) Sentencing Commission recommendations regarding sentence and policy; and (5) sentence consistency for similar violations. *See* 18 U.S.C. § 3553(a); *McClanahan*, 136 F.3d at 1151.

Although the court here—in formulating Mr. Thames's sentence—did not make explicit findings on each of these factors, it was not required to do so, *Harvey*, 232 F.3d at 588, and the record demonstrates that the court gave the factors adequate consideration. For example, the court specifically considered the Sentencing Commission's recommendations, noting that the guideline range established by § 7B1.4 was merely advisory and that based on the entire record Mr. Thames's situation was "more serious than could be addressed by a sentence within the guideline range." The court also addressed Mr. Thames's history, finding that he had engaged in numerous violations of his parole terms, including using cocaine and being involved in two domestic disturbances with his wife. Additionally, the court addressed the need for a sentence to protect the public and deter future criminal conduct, finding that based on the number and frequency of Mr. Thames's violations, he had failed to treat his supervised release as "a very serious or restricting procedure, but [rather] one that [he could] accept or reject as the mood seems to fit" him. The record demonstrates that the district court adequately considered the factors of § 3553 in formulating Mr. Thames's sentence, and any challenge to that sentence would therefore be frivolous.

Accordingly, we GRANT counsel's motion to withdraw, and DISMISS Mr. Thames's appeal.