**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Hiram R. SMITH, a/k/a Hiram Ray Andre Smith, Defendant–Appellant.**

**No. 03–3377.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 3, 2004.

Decided Feb. 6, 2004.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Hiram R. Smith, Greenville, IL, Pro se.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

## ORDER

In 1997 Hiram Ray Smith pleaded guilty to possessing a firearm after sustaining a felony conviction, 18 U.S.C. § 922(g)(1), and was sentenced to 46 months' imprisonment and three years' supervised release.

After leaving prison, Smith violated the terms of his supervised release and was sentenced to another six months' imprisonment and 26 months' supervised release. Less than a month after being released from prison for the second time, Smith failed a drug test. The judge initially revoked his supervised release but later decided instead to place him on electronic monitoring. Smith promptly failed another drug test, deviated from his approved schedule, and failed to maintain his telephone service as required. He stipulated to these violations, and the district judge revoked his supervised release and sentenced him to 18 months' imprisonment, an upward deviation from the range of 6 to 12 months recommended by the probation officer. *See* U.S.S.G § 7B1.4. Smith appeals the most recent revocation of his supervised release, but his appointed counsel moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. Smith has declined our invitation under Circuit Rule 51(b) to respond to the motion, and counsel's brief is facially adequate, so we limit our review to the issues counsel identifies. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.2002).

Counsel first considers whether Smith could challenge the revocation of his supervised release. But to do so would be frivolous because Smith admitted committing two Grade C violations of his release conditions–failing two drug tests and not complying with the terms of his electronic monitoring–which permitted the court to revoke his supervised release. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.3(a)(2).

Counsel also questions whether Smith could challenge the district court's imposition of a sentence that exceeds that recommended by U.S.S.G. § 7B1.4. This too would be frivolous. The sentencing ranges provided by § 7B1.4 are not binding on a district court, although the judge must consider them in imposing a sentence. *See United States v. Trotter*, 270 F.3d 1150, 1151 (7th Cir.2001). But given Smith's history of violations, the court's decision to impose a higher sentence was not "plainly unreasonable." *See* 18 U.S.C. § 3553(a)(1); *United States v. Harvey*, 232 F.3d 585, 587 (7th Cir.2000). Furthermore, Smith wrote a letter to the judge in which he openly admitted to using marijuana. We have held that drug use may be used to imply possession of the drug. *See Trotter*, 270 F.3d at 1153. If the court had simply characterized Smith's admitted marijuana use as "possession" rather than as the submission of "urinalysis samples which tested positive for marijuana," it would have found him guilty of a Grade B violation, *see id.;* U.S.S.G. § 7B1.1(a). This would have required the court to revoke Smith's supervised release and imprison him, *see* 18 U.S.C. § 3583(g)(1), and his sentencing range would have been 12 to 18 months, *see* U.S.S.G § 7B1.4(a).

Counsel's motion to withdraw is GRANTED, and this appeal is DISMISSED.