**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Julian SIMMONS, Defendant–Appellant.**

**No. 04–3309.**

United States Court of Appeals, Seventh Circuit.

Argued March 1, 2005.

Decided March 18, 2005.

---

Kenneth M. Hays, Office of the United States Attorney, South Bend, IN, for Plaintiff–Appellee.

H. Jay Stevens, Indiana Federal Community Defenders, Inc., South Bend, IN, for Defendant–Appellant.

Before KANNE, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Julian Simmons' supervised release was revoked and he was sentenced to a 24–month prison term. He argues that the new term is plainly unreasonable because the district court failed to consider appropriate factors when imposing it.

Simmons was convicted in 1993 of interstate travel to facilitate unlawful activity, 18 U.S.C. § 1952, and sentenced to 60 months imprisonment and 2 years supervised release. While serving that sentence, Simmons was convicted of assaulting a prison staff member with a deadly weapon, 18 U.S.C. § 111. That conviction resulted in an additional sentence of 84 months. After Simmons' eventual release from prison, he was placed at the Bradley Center[1] halfway house in Michigan City, Indiana, to begin serving his 2–year term of supervised release. A condition of his supervised release provided that he was to obey all of the Bradley Center's rules.

Within hours of his arrival at the Bradley Center, Simmons disobeyed a direct order and engaged in a heated argument with staff members, demanding loudly that he would smoke when he wanted to rather than only during the specific "smoking breaks" provided by the facility. Simmons' stay at the Bradley Center lasted only 13 days and was marked by frequent rule violations. These included repeatedly disobeying orders and being insolent and combative with staff members, refusing to report to his room as required when the staff did its scheduled counts of residents, interfering with other residents' efforts to sign in and out of the facility, entering unauthorized parts of the facility, monopolizing staff members' time, and being combative with a representative of an employment service during a job interview. Simmons also inflicted a serious head injury on a female resident of the facility and made sexual advances towards several others. The government, however, did not rely on the assault to seek revocation because it did not want to interfere with an investigation by the local police.

The district court found that Simmons "interfered with the security and orderly running" of the Bradley Center and revoked his supervised release. The guideline policy statement recommended a term of 6 to 12 months reimprisonment. But the district court instead imposed the statutory maximum term of 24 months imprisonment with no further supervised release.

[1]. The Indiana "Bradley Center" in this case is not the only "Bradley Center" in the Seventh Circuit. *See Arlotta v. Bradley Center,* 349 F.3d 517 (7th Cir.2003).

Simmons argues that the district court did not properly articulate its reasons for imposing a prison term above the guideline range. The ranges provided in U.S.S.G. § 7B1.4 for revocations of supervised release have never been binding on a district court. *United States v. Salinas,* 365 F.3d 582, 588 (7th Cir.2004). The court must consider not only the range provided in § 7B1.4 but also several factors, including the nature and circumstances of the offense; the defendant's history and characteristics; the kinds of sentences available; and the need to reflect the seriousness of the offense, promote respect for the law, deter future crime, and protect the public. 18 U.S.C. § 3553(a); *Salinas,* 365 F.3d at 588–89. Significantly, the court need not make formal findings on each of these factors. *United States v. McClanahan,* 136 F.3d 1146, 1151 (7th Cir.1998); *United States v. Hale,* 107 F.3d 526, 530 (7th Cir.1997). Instead, it is sufficient if the court makes comments reflecting that it considered the appropriate factors. *Salinas,* 365 F.3d at 589. We review the sentence selected by the district court only to determine if it is "plainly unreasonable." *Id.* at 588; *United States v. Harvey,* 232 F.3d 585, 587 (7th Cir.2000).

Simmons argues that the district court did not adequately consider the factors set out in 18 U.S.C. § 3553(a). The transcript of the revocation hearing, however, demonstrates otherwise. The district court first mentioned the guideline range of 6 to 12 months and remarked that "I have not, within my recollection at least, departed upward from a recommended—the ranges recommended in the Sentencing Guidelines' policy statements in Chapter 7." But the court went on to say that it found the 6- to 12–month range to be insufficient for several of the reasons set out in § 3553(a). Specifically, the district court considered Simmons' history when it said, "Mr. Simmons brings to the Court what I would call a pretty remarkable history of institutional conduct problems" and that he "certainly seem[s] to be a different person" than he was when the court first convicted him in 1993. The court also considered the nature and circumstances of Simmons' violations when it noted that he needed "barely a week-and-a-half" to accumulate an extensive disciplinary record at the Bradley Center and that the "steady nature" of Simmons' rule infractions made his conduct particularly serious. The court also seemed to consider the kinds of sentences available by expressing frustration with Simmons' performance of his supervised release and saying that it found the maximum term of imprisonment with no additional supervised release to be "appropriate simply because there doesn't seem to be much else we can do." The court's comments show that it considered the factors in 18 U.S.C. § 3553(a) when sentencing Simmons, and its decision to impose a longer prison term than recommended by U.S.S.G. § 7B1.4 was not plainly unreasonable. *See Salinas,* 365 F.3d at 588.

AFFIRMED.