**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 9, 2009
Decided June 15, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3168

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| *v.* | No. 4:02-cr-40030-JPG-001 |
| BLAKE SULLIVAN, | J. Phil Gilbert |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Blake Sullivan challenges the term of reimprisonment imposed upon revocation of his supervised release. Because the term is not "plainly unreasonable," we affirm the judgment.

Sullivan pleaded guilty to conspiring to manufacture methamphetamine, *see* 21 U.S.C. §§ 846, 841(a)(1). The drug quantity triggered a statutory minimum of 120 months' imprisonment, *see* 21 U.S.C. § 841(b)(1)(A), but at sentencing in October 2003 the government moved for a lower term because Sullivan had provided substantial assistance, *see* 18 U.S.C. § 3553(e); U.S.S.G. 5K1.1. The district court sentenced Sullivan to 96 months' imprisonment and 5 years' supervised release. In February 2006, the district court granted the government's

motion to further reduce Sullivan's prison sentence, *see* FED. R. CRIM. P. 35(b)(2), and reduced the term by another 32 months.

Sullivan began serving his term of supervised release in January 2007.  But during the next year he admittedly used cocaine and methamphetamine, and in response the district court modified the conditions of his release and placed him in a residential drug treatment center.  Sullivan, though, continued to use drugs and failed to participate in drug treatment as directed, and in July 2008 his probation officer petitioned the district court to revoke his supervised release.  At the revocation hearing Sullivan admitted the allegations in the petition to revoke.  The district court advised him that, given his Grade B violations and his criminal history category of III, the imprisonment range under the applicable policy statements was 8 to 14 months, *see* U.S.S.G. § 7B1.4(a), though the statutory cap was 60 months.  The government recommended a term at the high end of the range, but the district court decided to go further and take back the reduction Sullivan had received under Rule 35 by adding another 32 months to the 14 for a total of 46 months.  The district court also imposed another two years of supervised release to follow Sullivan's term of reimprisonment.

On appeal, Sullivan essentially makes one argument:  that 46 months is an excessive term of reimprisonment.  According to Sullivan, the term exceeds the maximum term allowed by law and was imposed without notice or sufficient explanation.  Sullivan also contends that 46 months is unduly harsh when compared to other cases, and that it was error to impose new terms of imprisonment and supervised release with a combined length exceeding 60 months.  Finally, Sullivan argues that the government's unsuccessful attempt to introduce evidence at the revocation hearing that he had committed further drug crimes not alleged in the petition to revoke contributed to his lengthy term of reimprisonment.

The government argues that our review is limited to "plain error" because Sullivan did not voice an objection after the district court revoked his supervised release and pronounced the term of reimprisonment and the new term of supervised release.  Language in *United States v. Harvey*, 232 F.3d 585, 587 (7th Cir. 2000), literally supports the government's argument, even though the *Harvey* panel went on to evaluate the defendant's term of reimprisonment, not for plain error, but under the "plainly unreasonable" standard found in 18 U.S.C. § 3742(e)(4).  That ambiguity aside, *Harvey* was decided before *United States v. Booker*, 543 U.S. 220 (2005).  And we have since held, in the context of initial sentencing, that no further objection is necessary after a district judge has pronounced a term of confinement or supervision because insisting upon an objection "to preserve appellate review for reasonableness would create a trap for unwary defendants and saddle busy district courts with the burden of sitting through an objection—probably formulaic—in every criminal case."  *United States v. Castro-Juarez*, 425 F.3d 430, 433-34 (7th Cir. 2005).  Recently we have also noted that cases such as *Harvey* did not

differentiate between "objections" and "exceptions," which is a complaint after a judicial choice has been made. *United States v. Bartlett*, Nos. 08-1196, 08-1197, 08-1198, 2009 WL 1577688, at *8 (7th Cir. June 8, 2009) ("[T]he rules do not require a litigant to complain about a judicial choice after it has been made."). Thus, whether or not the defendant complained, we will review a prison term imposed upon revocation for reasonableness, and will uphold that term unless it is "plainly unreasonable." *See United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007).

Sullivan's 46-month term of reimprisonment does not exceed the maximum term allowed by law. Defense counsel acknowledges that the district court could have given Sullivan to up to 60 months because the conspiracy that resulted in the term of supervised release was a Class A felony, *see* 18 U.S.C. §§ 3583(e)(3), 3559(a)(1); 21 U.S.C. § 841(b)(1)(A)(viii). The court was also free to impose—as it did—a new term of supervised release to follow the term of reimprisonment, and given that Sullivan's underlying conviction was for a drug conspiracy under § 846, the court could have imposed a lifetime term of supervised release after revocation. *See* 18 U.S.C. § 3583(h); *United States v. Jackson*, 559 F.3d 368, 371 (5th Cir. 2009); *United States v. VanHoose*, 437 F.3d 497, 502 (6th Cir. 2006). Sullivan apparently thinks that the post-revocation terms of imprisonment and supervised release were limited by the length of his original term of supervised release and by the amount of time he served on his original sentence, but he simply fails to acknowledge § 3583(h), which governs his case.

Sullivan's term of reimprisonment is also consistent with Application Note 4 to U.S.S.G. § 7B1.4. At all relevant times, Application Note 4 has given district courts the discretion to impose a term of reimprisonment above the advisory range where the defendant's original sentence was "the result of a downward departure (e.g., as a reward for substantial assistance)." U.S.S.G. § 7B1.4, cmt. n. 4; *see also United States v. Verkhoglyad*, 516 F.3d 122, 129-30 (2d Cir. 2008); *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007). Sullivan's contention that the district court was required to give him notice before imposing his term of reimprisonment is premised on a misunderstanding of the advisory nature of the Chapter Seven policy statements. We have held that a district court does not need to give prior notice before imposing a term beyond the advisory range. *See United States v. McClanahan*, 136 F.3d 1146, 1152 (7th Cir. 1998). Sullivan analogizes the addition of his Rule 35 sentence reduction to his term of reimprisonment as a "departure," which in years past required notice. But, as the government points out, the concept of "departures" has been made obsolete by *United States v. Booker*, 543 U.S. 220 (2005), and thus, even at initial sentencing, district courts no longer need to give notice that a prison term will exceed the guidelines range. *See United States v. Walker*, 447 F.3d 999, 1006 (7th Cir. 2006).

Also meritless is Sullivan's argument that the district court was obligated to give him a lengthier explanation to justify a 46-month term of reimprisonment. In selecting an appropriate prison term to follow revocation, the district court must consider the Chapter Seven policy statements as well as the factors set out in 18 U.S.C. § 3553(a). *See United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008). Here the district court satisfied its obligation under the policy statements and § 3553(a). The court considered the applicable advisory range under U.S.S.G. § 7B1.4, the nature of Sullivan's supervised-release violations, his substance abuse, and his history and characteristics, *see United States v. Jackson*, 549 F.3d 1115, 1117 (7th Cir. 2008); *United States v. Pitre,* 504 F.3d 657, 654-55 (7th Cir. 2007); *United States v. George,* 403 F.3d 470, 473 (7th Cir. 2005.

Sullivan compares his term of reimprisonment to those received by his codefendant in the underlying offense and five other defendants in unrelated cases. But nothing is more common than for different defendants to receive different terms of imprisonment, *see United States v. Gammicchia*, 498 F.3d 467, 469 (7th Cir. 2007), so ticking off what others got is of no value to Sullivan.

Finally, Sullivan takes issue with the government's attempt to introduce police reports indicating that he had been purchasing drugs shortly before the revocation hearing. He maintains that these reports led the district court to impose an excessive term of reimprisonment. At the revocation hearing, the government acknowledged that the drug buys recounted in these reports were not alleged in the petition to revoke, but the prosecutor asserted that the reports still would be helpful to the district court in deciding on a term of reimprisonment. Defense counsel objected to the reports, however, and the district court ruled that it was "not going to consider what hasn't been charged." Given that explicit ruling, there is no support for Sullivan's contention that the attempted introduction of the police reports affected the court's choice of term of reimprisonment. Thus, neither this argument nor any of Sullivan's other arguments demonstrate that his term of reimprisonment is "plainly unreasonable."

Accordingly, we **AFFIRM** the judgment of the district court.