**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 6, 2011
Decided April 14, 2011

*Before*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 10-2525 | Appeal from the United States District Court for the Central District of Illinois. |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | |
| | No. 2:08-cr-20044 |
| *v.* | |
| CHRISTOPHER E. WEBSTER,<br>*Defendant-Appellant*. | Michael P. McCuskey,<br>*Chief Judge*. |

**O R D E R**

Danville, Illinois, police officers obtained a warrant to search the residence of the defendant, Christopher Webster, for cocaine and related items. And indeed, more than 14 grams of crack cocaine were recovered from the house. But a much larger amount—more than 109 grams of crack cocaine—was recovered from Webster's Cadillac Escalade after he allegedly consented to a search of the car during the execution of the warrant. Webster was subsequently charged with knowingly possessing 50 or more grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and knowingly possessing five or more grams of crack cocaine with intent to distribute, in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(B).  After the district judge denied Webster's motion to suppress the drugs found in the car, he pled guilty to the first charge, reserving his right to appeal the suppression ruling but not his conviction or sentence.  In accordance with the plea agreement, Webster was sentenced to a term of 240 months' imprisonment.

Webster now challenges the district judge's ruling on his motion to suppress, arguing that he never gave voluntary consent to search his car.  Webster also asserts that he should be resentenced under the Fair Sentencing Act of 2010 (FSA)—or, as we have called it, the "Not Quite as Fair as it could be Sentencing Act of 2010."  *See United States v. Fisher*, __ F.3d __, 2011 WL 832942, at *1 (7th Cir. Mar. 11, 2011).  The government, on the other hand, argues that the district judge's ruling on the motion to suppress was solid and that Webster waived his right to complain about his sentence.

The facts can be briefly stated.  On August 14, 2008, Troy Wasson and other Danville police officers observed Webster as he sold cocaine to a confidential informant.  Later that day, Wasson appeared before a Vermilion County judge, provided testimony concerning the controlled buy and other evidence of Webster's drug dealing, and obtained a warrant to search Webster's residence for cocaine and related items.  During the briefing to prepare to execute the warrant, the officers learned that Webster had a history of weapons arrests and that the informant believed that Webster was normally armed.

The next day, the officers went to Webster's residence to execute the search warrant.  When Webster pulled his Escalade into the driveway, Wasson pulled in behind him, blocking his path.  Webster was placed in handcuffs and told that a warrant had been issued for a search of the house.  Another officer, Steven Guess, then asked Webster for permission to search his car.  Although neither Guess nor Wasson could recall the exact response, they later testified that Webster immediately gave consent and was calm and cooperative at the time.  To repeat, the vast majority of the crack cocaine was recovered from the car, not the house.

After his indictment, Webster filed a motion to suppress the evidence found in the car.  As grounds for the motion, Webster argued that (1) the search warrant was not supported by probable cause, (2) because the warrant was invalid, his detention during the search was illegal, and (3) the illegal detention, combined with the fact that he was not given *Miranda* warnings, rendered his consent invalid.  After hearing testimony from the officers (Webster did not testify), the district judge denied the motion.  He found that the warrant was supported by probable cause and that Webster's detention during the execution of the warrant was justified to secure the officers' safety, citing *United States v. Jennings*, 544 F.3d 815, 818 (7th Cir. 2008).  The judge also held that *Miranda* warnings were unnecessary because a request for consent to search is unlikely to elicit an incriminating response, citing *United States v. Bustamante*, 493 F.3d 879, 892 (7th Cir. 2007).  Finally, the judge credited the officers' testimony that Webster consented to the search of his car.

Webster subsequently entered into a plea agreement, reserving his right to appeal the denial of his motion to suppress but waiving his right to appeal his conviction and sentence. On June 23, 2010, less than two months prior to the enactment of the FSA, Webster received his sentence—the mandatory minimum at the time—in accordance with the plea agreement. The next day, Webster filed a notice of appeal, citing the district judge's ruling on the motion to suppress as the only subject for review.

On a motion to suppress, we review legal questions *de novo* and findings of fact and credibility determinations for clear error. *United States v. Wesela*, 223 F.3d 656, 660 (7th Cir. 2000). A factual finding is clearly erroneous if we are "left with the definite and firm conviction that a mistake has been made." *United States v. Gravens*, 129 F.3d 974, 978 (7th Cir. 1997). Given the fact-specific nature of a motion to suppress, "we give special deference to the district court that heard the testimony and observed the witnesses at the suppression hearing." *Id.*

Webster argues that he did not consent to the search of his car, and even if he did, his consent was not voluntary. A warrantless search without exigent circumstances is presumptively unreasonable and generally requires suppression of the evidence obtained from the search. *United States v. McGraw*, 571 F.3d 624, 628 (7th Cir. 2009). An exception to this rule is the defendant's voluntary consent to the search. *Id.* The existence of voluntary consent is a question of fact to be determined based on the totality of the circumstances. *United States v. Figueroa-Espana*, 511 F.3d 696, 704 (7th Cir. 2007).

The district judge specifically found that Webster consented to the search. Webster's counterargument—that because the officers could not remember Webster's exact words, there was no consent—lacks merit. At the suppression hearing, the only testimony on this issue was from the officers, who said that Webster gave permission to search the car. There is no clear error in the district judge's finding.

Webster also argues that his consent was involuntary and faults the district judge for not making a finding on this issue. The lack of a finding is understandable, however, because Webster did not raise voluntariness as grounds for suppression in the district court. Rather, Webster argued that his consent was invalid because he was illegally detained at the time and because he was not given *Miranda* warnings. Our review, therefore, is for plain error if Webster can show good cause for not making the voluntariness argument earlier. *See United States v. King*, 627 F.3d 641, 647 (7th Cir. 2010).

Webster has not justified his failure to raise voluntariness as an issue in the district court. And even if he passed that threshold, Webster has not shown error, much less plain error, in the district judge's decision. Although Webster was in custody and was not advised of his constitutional rights, he was detained only briefly before consenting immediately to the search. No physical coercion was employed to obtain his permission,

and Webster was calm and at ease during the encounter.  The district judge did not err in denying Webster's motion to suppress.[1]

Webster's remaining arguments concern his sentence.  He contends that he should be resentenced under the FSA, which increased the drug quantities necessary to trigger mandatory minimum sentences under the Controlled Substances Act and the Controlled Substances Import and Export Act.  *Fisher*, 2011 WL 832942, at *1.  He also claims that the statutory punishment applied to him was based on an inherently discriminatory penalty scheme, violating the equal protection and due process clauses.  These are legal questions subject to *de novo* review.  *See Pickett v. Sheridan Health Care Center*, 610 F.3d 434, 440 (7th Cir. 2010).

The government, however, asserts that we cannot address these issues because (1) Webster's notice of appeal did not designate sentencing claims as being up for review, *see* Fed. R. App. P. 3(c)(1)(B); *United States v. Taylor*, 628 F.3d 420, 423 (7th Cir. 2010), and (2) Webster waived appellate review of sentencing claims in his plea agreement.  *See United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999).  The government is correct on both counts, and Webster makes no meritorious arguments in his defense.  Having said that, even if Webster's claims were preserved, he still could not prevail.

Webster's primary contention is that the FSA applies retroactively.  But, as he acknowledges, we have already concluded that it does not.  *See United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010).[2]  Furthermore, we have also held that "the relevant date for a determination of retroactivity is the date of the underlying criminal conduct, not the date of sentencing."  *Fisher*, 2011 WL 832942, at *3.  That is, the FSA applies only to defendants who are sentenced based on *conduct* that took place after the effective date.  So, while Webster bemoans the fact that the FSA was enacted less than two months after he was *sentenced*, even if the effective date had been two months earlier, he unfortunately would still be out of luck.

For all of these reasons, the judgment of the district court is AFFIRMED.

---

[1]At oral argument, we observed that the government could have avoided this issue altogether by only bringing a charge based on the drugs found in the house.  The uncharged drugs found in the car would have been admissible as relevant conduct at sentencing, where the exclusionary rule generally does not apply.  *See United States v. Perez*, 581 F.3d 539, 544 (7th Cir. 2009).

[2]Webster's other argument—that his sentence was unconstitutional because it was based on an inherently discriminatory penalty scheme—is also in direct conflict with our precedent.  *See United States v. Lawrence*, 951 F.2d 751, 755 (7th Cir. 1991).