NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2011
Decided November 1, 2011

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 11-1442 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Northern District of Illinois, |
|     *Plaintiff-Appellee*, | Western Division. |
| | |
|     *v.* | Nos. 10 CR 50017 & 04 CR 50016-1 |
| | |
| HAROLD L. PROPER IV, | Philip G. Reinhard, |
|     *Defendant-Appellant*. | *Judge*. |

**O R D E R**

   While on supervised release for drug and firearm offenses, Harold Proper sold cocaine and a handgun to an undercover police officer. He was charged with three counts of distributing cocaine, 21 U.S.C. § 841(a)(1), and one count of possessing a gun as a felon, 18 U.S.C. § 922(g)(1). The government also moved to revoke his supervised release. Proper pleaded guilty to one distribution count and the gun charge and admitted to violating several conditions of his supervised release. In exchange the government moved to dismiss the remaining drug counts and took no position on whether Proper should receive a consecutive term of reimprisonment on the revocation of his supervised release. The district court designated Proper a career offender based on two felony drug convictions, *see* U.S.S.G. § 4B1.1, rejected his arguments for a sentence below the resulting imprisonment range, and imposed concurrent terms totaling 204 months on the new convictions. The court also

imposed 33 months of reimprisonment—the bottom of the recommended range in the guidelines policy statements—to run consecutively. Proper has appealed from the new convictions and the revocation, but his appointed attorney has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Proper opposes counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief and Proper's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

As a preliminary matter, we have jurisdiction to review issues arising from both the new convictions and the revocation of supervised release despite Proper's failure to mention the revocation or include the docket number for that proceeding in his notice of appeal. The notice of appeal is therefore technically deficient because it does not explicitly designate the revocation or resulting reimprisonment to be within the scope of this appeal. *See* FED. R. APP. P. 3(c)(1)(B). But our jurisdiction is still secure because the revocation was based on, and conducted simultaneously with, the new prosecution, and thus it can be fairly inferred that a notice of appeal mentioning one matter would also encompass the other. *See United States v. Taylor*, 628 F.3d 420, 423–24 (7th Cir. 2010).

Proper neither wants his guilty pleas set aside nor wishes to contest the revocation of supervised release, so counsel properly refrains from discussing the adequacy of the plea colloquy, the voluntariness of the pleas, or the basis for the revocation. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel assesses only whether an appellate argument could be raised about the procedural or substantive reasonableness of Proper's prison terms. Counsel has concluded that any challenge would be frivolous because the district court correctly calculated the guidelines and policy-statement ranges, treated those ranges as advisory, evaluated Proper's arguments in mitigation and the factors in 18 U.S.C. § 3553(a), imposed prison terms within the guidelines and policy-statement ranges, and properly exercised discretion when imposing the consecutive term of reimprisonment for the revocation of supervised release. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Turner*, 569 F.3d 637, 640 (7th Cir. 2009); *see generally Taylor*, 628 F.3d at 423–24 (discussing sentencing judge's discretion to impose consecutive term of reimprisonment upon revocation of supervised release).

In his Rule 51(b) response, Proper proposes to argue that the district court erred in finding him to be a career offender under § 4B1.1. That designation, he says, is incorrect because of his "Actual Innocence on the Career Criminal portion of his sentence." He adds that "the government illegally used Police Reports to determine prior criminal history," and

that his guilty plea to one of the underlying drug convictions was involuntary. But Proper stipulated to his career-offender status in his plea agreement, and so he could not challenge that designation on appeal. *United States v. Harris*, 230 F.3d 1054, 1056, 1058–59 (7th Cir. 2000); *United States v. Fiore*, 178 F.3d 917, 925 (7th Cir. 1999).

And regardless of waiver, while Proper is correct that a sentencing court may not rely on police reports to decide whether prior convictions are for crimes which classify the defendant as a career offender, *Shepard v. United States*, 544 U.S. 13, 16 (2005); *United States v. Black*, 636 F.3d 893, 898–99 (7th Cir. 2011), it would be frivolous to argue that the police reports made any difference here because the judgments alone are enough to know that Proper's two prior drug convictions—one for distributing cocaine and the other for possessing marijuana with the intent to distribute—are controlled substance offenses that count toward career-offender status, *see* U.S.S.G. §§ 4B1.1 cmt. n.1, 4B1.2(b); *Black*, 636 F.3d at 898–99. Moreover, even if Proper thinks that one of the convictions underlying his career-offender designation is invalid, he could not have tried to collaterally attack that conviction at sentencing by challenging the underlying guilty plea. *See Custis v. United States*, 511 U.S. 485, 497 (1994); *see also, e.g, United States v. Ruvalcaba*, 627 F.3d 218, 222 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 2133 (2011); *United States v. Dean,* 604 F.3d 169, 174 (4th Cir. 2010), *cert. denied*, 131 S.Ct. 342 (2010); *United States v. El-Alamin*, 574 F.3d 915, 928 (8th Cir. 2009); *Wilson–El v. Finnan*, 544 F.3d 762, 765 (7th Cir. 2008).

Proper also maintains in his Rule 51(b) response that his appointed attorney "continues to claim the instant case is a Crack Case even though he has been advised numerous times by the Petitioner, and the record itself, that it is not." But Proper points to no place in the record or in his attorney's *Anders* submission where counsel makes reference to crack cocaine, and we can find no such reference. At any rate, Proper does not explain how counsel's supposed misunderstanding about the drug type affected the procedural or substantive reasonableness of the prison terms he received for either his new crimes or the revocation of his supervised release.

We GRANT counsel's motion to withdraw and DISMISS the appeal.