**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 11, 2017
Decided January 12, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1058

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 01 CR 50010 |
| DONNIE R. PURIFOY, | |
| *Defendant-Appellant.* | Philip G. Reinhard, *Judge.* |

**O R D E R**

Donnie Purifoy pleaded guilty in 2001 to distributing crack cocaine, *see* 21 U.S.C. § 841(a)(1), and was sentenced to 141 months' imprisonment to be followed by 5 years' supervised release. In 2013, while on supervised release for that crime, Purifoy again was caught distributing crack. He pleaded guilty and in December 2015 was sentenced to 30 months in prison. Based on this new conviction, the district court revoked Purifoy's supervised release and ordered him to serve an additional 37 months in prison, all but 7 months to run consecutively to the new 30-month sentence. Purifoy has filed a notice of appeal from the order revoking his supervised release (as part of a plea agreement he waived the right to appeal the new conviction and sentence). But

Purifoy's appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

A defendant facing revocation of supervised release does not have a constitutional right to counsel unless he challenges the appropriateness of revocation or asserts substantial and complex grounds in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Purifoy did not do either—in fact, by pleading guilty to the 2013 drug offense, he admitted committing a new crime in violation of conditions of his supervised release. Thus, *Anders* does not govern our review of counsel's motion to withdraw, though we follow its safeguards to ensure consideration of potential issues. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). We invited Purifoy to comment on counsel's motion, but he has not responded. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve. Because the analysis in that brief appears to be thorough, we focus our review on the subjects that counsel discusses. *See United States v. Bey,* 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first evaluates whether Purifoy could argue that the district court, in calculating his reimprisonment range under the sentencing guidelines, misstated his criminal history category. Under the version of the guidelines in effect when Purifoy was sentenced on his 2001 conviction, his criminal history category was IV. But as a result of postsentencing amendments to the guidelines, his criminal history category had dropped to III by the time he was sentenced for the 2013 drug offense. The lawyer contemplated arguing that the lower criminal history category should have applied in the revocation proceeding, thus lowering Purifoy's reimprisonment range. Counsel correctly recognizes, though, that this potential argument would be frivolous because at a revocation hearing the court uses the criminal history category applicable when the defendant was sentenced for the underlying offense, *see* U.S.S.G. § 7B1.4; *United States v. McClanahan*, 136 F.3d 1146, 1149–50 (7th Cir. 1998), so his criminal history category remained at IV.

Counsel next questions whether Purifoy could argue that the district court should have lowered the classification of his 2001 drug conviction from a Class A felony to a Class B felony, *see* U.S.S.G. § 7B1.1, based on changes to the sentencing guidelines

after the Fair Sentencing Act of 2010. *See* Pub. L. No. 111-220, 124 Stat. 2372. But this potential claim likewise would be frivolous. Sanctions imposed on revocation of supervised release are punishment for the underlying crime, *see Johnson v. United States*, 529 U.S. 694, 700–01 (2000), and so the law in effect at the time of that crime applies. Purifoy's conviction in 2001 involved 65 grams of crack, making it a Class A felony. 21 U.S.C. § 841(b)(1)(A)(iii) (2000); 18 U.S.C. § 3559(a)(1) (2000). The Fair Sentencing Act is not retroactive, *see United States v. Robinson*, 697 F.3d 443, 444–45 (7th Cir. 2012), so it cannot help Purifoy.

Finally, counsel considers whether Purifoy could argue that the district court should have run his 37-month term of reimprisonment fully concurrently with his sentence for the new drug conviction. But this argument also would be frivolous, as that decision is ultimately left to the discretion of the sentencing judge, and the policy statements from the Sentencing Commission actually favor consecutive sentences. *See* U.S.S.G. § 7B1.3(f); *United States v. Taylor*, 628 F.3d 420, 424 (7th Cir. 2010).

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.