NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 29, 2021
Decided January 25, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1934

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Indiana, |
| | South Bend Division. |
| *v.* | |
| | No. 3:19-cr-00110 |
| CHRISTOPHER HIBSHMAN, | |
| *Defendant-Appellant*. | Damon R. Leichty, |
| | *Judge*. |

**O R D E R**

Christopher Hibshman violated the terms of his supervised release by failing to notify his probation officer of a change in residence and then absconding for more than three months. The district court revoked his supervision and sentenced him to 24 months' imprisonment, to be served consecutively to a previously imposed state sentence. Hibshman appeals his sentence as procedurally and substantively unreasonable. We affirm.

# I

## A

In 2012, Hibshman was convicted in Indiana state court of forging money orders and sentenced to six years' imprisonment and two years of probation. Later that year, he pled guilty in federal court to a firearms offense and received a 27-month prison term, to be followed by three years' supervised release. Hibshman served the prison terms for both convictions—state and federal—and then began serving the federal supervised release and state probation terms in June 2018.

Two months later, in August 2018, the U.S. Probation Office moved to revoke supervision because Hibshman failed to attend drug treatment, missed drug tests, and tested positive for methamphetamine. The district court revoked Hibshman's supervision and sentenced him to 18 months' imprisonment for the violations.

With four months remaining on the revocation sentence, Hibshman moved into a halfway house in Michigan City, Indiana. While there he used an approved trip to Walmart as an opportunity to escape. The authorities apprehended him six days later. Hibshman in turn pled guilty to escaping a federal facility, see 18 U.S.C. § 751(a), for which he received a sentence of 366 days' imprisonment, to be followed by one year of supervised release.

Upon completing this sentence in December 2020, Hibshman was released to his fiancée's house to begin his term of supervised release. But soon after, the Indiana state court revoked his probation on his state forgery conviction due to his federal escape conviction. Hibshman was ordered to report to the county jail to serve a two-year term of imprisonment for the state probation violation. He failed to do so. Hibshman instead moved out of his fiancée's house and stopped communicating with his federal probation officer. Authorities found him more than three months later at the scene of a car accident where he gave a fake name and stated he was a minor.

## B

Hibshman admitted that he violated the terms of his federal supervised release by failing to notify his probation officer of his change of residence and, separately, by failing to stay in contact with his probation officer. The violation carried a statutory maximum of 24 months, and the Probation Office calculated an advisory range of 7–13 months under the Sentencing Guidelines' policy statements.

The district court sentenced Hibshman to 24 months with no additional term of supervised release to follow. In so doing, the court expressed concern that Hibshman absconded, moved without telling his probation officer, and stayed out of touch for "weeks and months." The court also found troubling that Hibshman made light of the seriousness of his violations in his allocution and showed "a continued disregard for lawful behavior," indicating that he was not amenable to supervision. The district court focused on the need to deter criminal conduct and protect the public—"mindful that 18 months on revocation in the past seemingly wasn't enough" to deter Hibshman. This most recent misconduct, the court concluded, warranted a 24-month revocation sentence.

After the district court announced its intended sentence, defense counsel asked twice why the sentence was to run consecutively to the state sentence given that the latter "was imposed for conduct that grew out of the federal sentence." The court explained that it was not sentencing Hibshman for the same conduct as the state court. Rather, the federal revocation sentence followed from Hibshman's failure to report his whereabouts or his change of address to the probation officer and his evasion of federal supervision for more than three months.

Hibshman now appeals his revocation sentence.

## II

Because Hibshman failed to raise any objections to the factors considered at his sentencing hearing, our review is deferential. See *United States v. Armour*, 804 F.3d 859, 866 (7th Cir. 2015) (declining to resolve whether the standard of review for the factors considered at a revocation hearing should be abuse of discretion or plain error). We review the substantive reasonableness of a sentence for violating a term of supervised release with great deference and will uphold that sentence so long as it is not "plainly unreasonable." *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014).

### A

Hibshman first challenges the procedural reasonableness of the imposed sentence, contending that the district court erred when it sentenced him with the primary purpose of punishing him rather than enforcing the requirements of 18 U.S.C. § 3583(e).

Section 3583 delineates those factors in 18 U.S.C. § 3553(a) that a district court must consider in modifying the conditions of or revoking supervised release, including (1) the nature and circumstances of the violation; (2) the defendant's history and characteristics; (3) the need of the sentence to deter future crime, protect the public, and provide the defendant with necessary services such as education and medical treatment; (4) Sentencing Commission recommendations regarding sentencing range; (5) Commission policy; and (6) sentence consistency for similar violations. See *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005). Absent from this list is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e). But our precedent makes clear that a district court can properly consider these factors so long as it "focus[es] primarily on the factors that § 3583(e) does mention." *United States v. Dawson*, 980 F.3d 1156, 1163 (7th Cir. 2020).

The district court made two brief references to "just punishment" and "respect for the law" in imposing the revocation sentence, but otherwise focused its analysis on the factors specified by § 3583(e). The court especially emphasized the nature of Hibshman's offense, 18 U.S.C. § 3553(a)(1), which included absconding for more than three months after being ordered to report to county jail and going to "some lengths to avoid being detected" by lying to authorities about his name. The court also properly considered Hibshman's personal history and characteristics, *id.*, including his continuing history of "disregard of lawful behavior, court orders, [and] court supervision." The court similarly underscored the need to deter Hibshman's future criminal conduct and to protect the public. 18 U.S.C. § 3553(a)(2)(B)–(C). On this record, we see no error in the district court's consideration of the § 3553(a)(2)(A) factors.

B

Hibshman's challenge to the substantive reasonableness of his revocation sentence fares no better.

Hibshman insists that there is an irrational disconnect between the district court's intent to impose "a commensurate sentence that will help deter future crime" and the decision not to impose an additional term of supervised release. We disagree. The district court intended the 24-month sentence to get Hibshman's attention and deter him from future misconduct. A two-year revocation made sense, the district court added, because "18 months on revocation in the past seemingly wasn't enough" to deter violations of supervised release. There was nothing unreasonable with that assessment.

The district court's imposition of an above-Guidelines revocation sentence likewise did not create an unwarranted disparity with similarly situated violators of supervised release. The district court "carefully consider[ed] the Guidelines range before deviating above it." *United States v. Bridgewater*, 950 F.3d 928, 936 (7th Cir. 2020). It therefore "necessarily" gave "significant weight and consideration" to the need to avoid unwarranted disparities. *Id.* (quoting *United States v. Lockwood*, 840 F.3d 896, 904 (7th Cir. 2016)).

Finally, we see no error in the district court's decision to run Hibshman's sentence consecutively to his state sentence. "[A] sentencing court has discretion to make a sentence consecutive or concurrent," including when the sentence is related to the revocation of supervised release. *United States v. Taylor*, 628 F.3d 420, 423 (7th Cir. 2010). Hibshman incorrectly claims the interrelated nature of the two sentences required the district court to run the federal sentence concurrently. But the state and federal sentences are distinct. Hibshman received the state sentence for escaping from the halfway house, misconduct that violated the terms of his parole. But his federal sentence followed the separate and distinct violation of failing to communicate with his federal probation officer. It was not plainly unreasonable for the district court to run the revocation sentence consecutively to the state sentence. See U.S.S.G. § 7B1.3(f); *Taylor*, 628 F.3d at 424.

For these reasons, we AFFIRM.